IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EQUITY TRUST COMPANY, | Case No. 1:22-cv-01004 |
| Plaintiff, | |
| -vs- | JUDGE DAVID A. RUIZ |
| DEANNA MARTIN, *et al.*, | ORDER |
| Defendants. | |

On July 26, 2022, Plaintiff Equity Trust Company ("Plaintiff") filed a Motion for Default Judgment against Defendants "[p]ursuant to Rule 55(a)-(b)." (R. 10). Obtaining default judgment is a two-step process. *Shoemake v. Mansfield City Sch.*, No. 1:13CV2505, 2015 WL 13810793, at *3 (N.D. Ohio Apr. 20, 2015) ("Under this Rule, default is a two-step process with entry of default as the first procedural step, after defendants have been properly served but failed to plead or otherwise defend."). Plaintiff's motion conflates these two steps, but "[a]n entry of default and a default judgment are distinct concepts which must be treated separately." *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000) ((quoting *United States v. Topeka Livestock Auction, Inc.*, 392 F. Supp. 944, 950 (N.D. Ind. 1975)); *accord ArmorSource LLC v. Kapah*, No. 2:18-CV-

905, 2019 WL 1039748, at *2 (S.D. Ohio Mar. 5, 2019). An application for entry of default to the clerk of courts is the first step under Fed. R. Civ. P. 55(a).

Where a defendant has failed to plead or otherwise defend the action, the application to the clerk of court is a prerequisite to the entry of a default judgment. *Yang Zhang v. Clevenger*, No. 1:15 CV 0720, 2015 WL 4644645, at *2 (N.D. Ohio Aug. 4, 2015) (*citing Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998)). The distinction is not merely semantic. Given the posture in which Plaintiff has submitted the motion, the clerk's office cannot enter default. The motion seeks more than just an entry of default, as it seeks default judgment itself along with compensatory damages, punitive damages, and attorneys' fees. Conversely, the Court cannot grant the motion for default judgment without the prior entry of default by the clerk. "[N]o default judgment may be entered under either F.R.Civ.P. 55(b)(1) or (b)(2) unless a default has previously been entered by the clerk under 55(a). Thus, the entry of default is an essential predicate to any default judgment." *DeTore v. Loc. No. 245 of Jersey City Pub. Emp. Union*, 511 F. Supp. 171, 176 (D.N.J. 1981); *accord Brantley v. Runyon*, No. C-1-96-842, 1997 WL 373739, at *1 (S.D. Ohio June 19, 1997) (denying motion to enter a default judgment against defendants where the plaintiff did not first obtain an entry of default from the clerk).[1]

---

[1] The Court also notes that Plaintiff did not specify whether it was seeking default judgment under Rule 55(b)(1) by the clerk or pursuant to Rule 55(b)(2) by the Court. The former may only be sought where it is for a sum certain and where a plaintiff indicates which of multiple counts it seeks default judgment for. *Nat'l Auto Grp., Inc. v. Van Devere, Inc.*, No. 5:20-cv-2543, 2021 U.S. Dist. LEXIS 88508, at *3 (N.D. Ohio May 10, 2021) (Lioi, J.) (finding that a request for attorney fees was not a sum certain and could not be considered by the clerk under Rule 55(b)(1)). "A case is either for a 'sum certain' or not. A party must choose one of the two procedures offered by Fed. R. Civ. P. 55(b)[.]" *Conetta v. Nat'l Hair Care Ctrs., Inc.*, 186 F.R.D. 262, 268 (D. R.I. 1999), *aff'd*, 236 F.3d 67 (1st Cir. 2001); *accord Van Zeeland Oil Co. v. Lawrence Agency*, No. 2:09-cv-150, 2009 U.S. Dist. LEXIS 146105, at *3-4 (W.D. Mich. Sep. 28, 2009).

For the foregoing reasons, Plaintiff's Motion for Default Judgment (R. 10) is hereby DENIED *without prejudice*. Plaintiff must first seek *and* obtain an entry of default pursuant to Fed. R. Civ. P. 55(a) before filing a motion for default judgment under 55(b)(1) or 55(b)(2).

IT IS SO ORDERED.

*s/ David A. Ruiz*
DAVID A. RUIZ
Date: August 19, 2022            UNITED STATES DISTRICT JUDGE